IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| CHRISTY MEDFORD,<br><br>      Plaintiff,<br><br>v.<br><br>THE KROGER CO.; XYZ ENTITY; and JOHN DOE,<br><br>      Defendants. | CIVIL ACTION NO.: 4:24-cv-163 |

**O R D E R**

The Court **GRANTS** Defendant The Kroger Co.'s ("Kroger") unopposed Motion for Summary Judgment. (Doc. 16).[1]

BACKGROUND

Plaintiff filed this lawsuit to recover for injuries she suffered when she fell at Kroger's store located on 311 East Gwinnett Street in Chatham County, Georgia. (Doc. 1-2.) She alleges in her Complaint that the fall was caused by an "unattended cart" in a "poorly lit" and "overcrowded" receiving area. (Id. at pp. 3–4.)

---

[1] Plaintiff named fictional defendants, XYZ Entity and John Doe. "As a general matter, fictitious-party pleading is not permitted in federal court." Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010). There is "a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" Id. (quoting Dean v. Barber, 951 F.2d 1210, 1215 n.6 (11th Cir. 1992)). The Complaint does not sufficiently identify these Defendants. Discovery has closed and Plaintiff has still apparently not identified the real defendant or defendants so the presence of the fictitiously named defendants is "insufficient to sustain a cause of action" against them. Williams v. DeKalb Cnty. Jail, 638 F. App'x 976, 977 (11th Cir. 2016) (per curiam). Because they are not proper parties, the Court disregards these defendants and the claims against them and will not address them again. See Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1318 n.4 (11th Cir. 2015).

Plaintiff began working for one of Kroger's vendors in 2015, and visited the Gwinnett Street store weekly, accumulating "several hundred" visits by the time of her fall. (Doc. 16-1, pp. 18–19.) She testified that the store's receiving area routinely contained up to fifty green carts (also referred to as "floats") which Kroger and its vendors use to store and move freight. (Id. at pp. 47–48.) She described the carts as "pretty apparent" and common across Kroger stores. (Id. at pp. 47, 66–68.) On the date of the incident, Plaintiff tripped over a cart in the back of the store's receiving area. (Id. at pp. 29–30.) Plaintiff stated that the area where she fell was dimly lit but she never asked any Kroger employee to turn up the lights. (Id. at pp. 28–30, 50.) Plaintiff navigated the area of her fall at least three times including fifteen minutes before tripping over the cart. (Id. at pp. 19–24, 43, 51.)

Harrison Yates, Kroger's assistant store leader at the Gwinnett Street store described the receiving area as a "big room with a lot of boxes and carts to get those boxes to and from inside of the store," and he said that the room measured approximately thirty feet by thirty feet. (Doc. 16-2, pp. 16–17.) Yates conducted walk-through inspections of the receiving area, up to "20 to 50 times a day." (Id. at p. 28.) He testified that the receiving room was well lit by "ceiling lights hanging down in a casing or a housing" with six to eight housings, each containing at least four bulbs, and that the lights stay on all the time. (Id. at pp. 33–34, 35, 43). Yates never observed any fixtures "not working properly or burned out," and lighting checks were part of the opening manager's "morning walk." (Id. at pp, 34, 44.) Kroger would replace any burned-out light bulbs via a "service hub" work order. (Id. at pp. 35–36.)

## LEGAL STANDARD

I.  **Standard Governing Motions for Summary Judgment**

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a). "A fact is 'material' if it 'might affect the outcome of the suit under the governing law.'" FindWhat Inv. Grp. v. FindWhat.com, 658 F.3d 1282, 1307 (11th Cir. 2011) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A dispute is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

The moving party bears the burden of establishing that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. See Williamson Oil Co. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant is entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving party may discharge its burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove her case at trial. See id. (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986)). If the moving party discharges this burden, the burden shifts to the nonmovant to go beyond the pleadings and present affirmative evidence to show that a genuine issue of fact does exist. Anderson, 477 U.S. at 257.

In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Cnty., 630 F.3d 1346, 1353 (11th Cir. 2011) (citing Rodriguez v. Sec'y for Dep't of Corr., 508 F.3d 611, 616 (11th Cir. 2007)). However, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S.

372, 380 (2007). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id. (citation and emphasis omitted). Additionally, the Court is not permitted to make credibility determinations, weigh conflicting evidence to resolve disputed facts, or assess the quality of the evidence. Reese v. Herbert, 527 F.3d 1253, 1271 (11th Cir. 2008).

## II.  Summary Judgment Standard When Motion is Unopposed

Southern District of Georgia Local Rule 7.5 ("L.R. 7.5") requires a party opposing a motion for summary judgment to respond within twenty-one days after service of the motion. S.D. Ga. L.R. 7.5. "Failure to respond within the applicable time period shall indicate that there is no opposition to a motion." Id. Kroger filed its Motion for Summary Judgment on May 30, 2025. (See doc. 16.) Plaintiff, to date, has filed no response. Accordingly, pursuant to L.R. 7.5, Defendant's Motion is considered unopposed.

That said, the Court "cannot base the entry of summary judgment on the mere fact that the motion is unopposed" and instead "must consider the merits of the motion." See Gandy v. Gramiak, No. 5:16-cv-44, 2019 WL 1085189, at *1 (S.D. Ga. Mar. 7, 2019), *report and recommendation adopted*, No. 5:16-cv-44, 2019 WL 1368636 (S.D. Ga. Mar. 26, 2019) (quoting United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., 363 F.3d 1099, 1101 (11th Cir. 2004) (hereinafter, "One Piece")). "[T]he movant is not absolve[d] . . . of the burden of showing that it is entitled to judgment as a matter of law" simply because a motion goes unopposed. Reese v. Herbert, 527 F.3d 1253, 1268 (11th Cir. 2008). Indeed, even when a motion is unopposed, the moving party retains its burden "of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to

4

interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323 (internal quotations omitted).

While "[t]he district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted," it "must ensure that the motion itself is supported by evidentiary materials." One Piece, 363 F.3d at 1101. Thus, while statements of material fact included in the unopposed motion are considered admitted, the Court still must review the movant's citations to the record to determine whether there is, indeed, no genuine issue of material fact. See Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1303 (11th Cir. 2009); see also S.D. Ga. L.R. 56.1 ("All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by a statement served by the opposing party.").

Consequently, the fact that Plaintiff failed to respond to the Motion does not discharge Kroger of its burden to show that there is no genuine issue of material fact. Instead, this Court will accept the facts set forth in Kroger's Statement of Material Facts as uncontroverted but will confirm they are supported by the cited record evidence and will determine whether Kroger has shown there is no genuine issue of material fact.

## DISCUSSION

### I.   Plaintiff's Claims of Negligence and Premises Liability[2]

To prevail on a cause of action for negligence under Georgia law, a plaintiff must establish the essential elements of duty, breach of duty, proximate causation, and damages. Black v. Ga. S. & Fla. Ry. Co., 415 S.E.2d 705, 707 (Ga. Ct. App. 1992). Under Georgia law,

---

[2] While Plaintiff has asserted separate counts of negligence and premises liability, her negligence claims sound in premises liability law. Thus, the Court's analysis of Kroger's Motion for Summary Judgment on premises liability principles applies with equal force to Plaintiff's negligence claims.

the owner or occupier of real property owes a duty to its invitees to exercise ordinary care in keeping its premises safe. O.C.G.A. § 51-3-1. "This includes inspecting the premises to discover possible dangerous conditions of which the owner/occupier does not have actual knowledge[] and taking reasonable precautions to protect invitees from dangers foreseeable from the arrangement or use of the premises." Robinson v. Kroger Co., 493 S.E.2d 403, 408–09 (Ga. 1997).

Nonetheless, "proof of a fall, without more, does not give rise to liability on the part of a proprietor." All Am. Quality Foods v. Smith, 797 S.E.2d 259, 261 (Ga. Ct. App. 2017) (quoting Ingles Mkts., Inc. v. Carroll, 765 S.E.2d 45, 47 (Ga. Ct. App. 2014)). "Whether a hazardous condition exists is the threshold question in a slip and fall case." Season All Flower Shop, Inc. v. Rorie, 746 S.E.2d 634, 638 (Ga. Ct. App. 2013). Additionally, to survive a summary judgment motion, a plaintiff must also show that the defendant owner had actual or constructive knowledge of the hazard. Drew v. Istar Fin., Inc., 661 S.E.2d 686, 689 (Ga. Ct. App. 2008). Lastly, the owner's knowledge must be superior to any knowledge the plaintiff may have had of the hazard. Hartman v. Clark, 801 S.E.2d 66, 67 (Ga. Ct. App. 2017); Garrett v. Hanes, 616 S.E.2d 202, 204 (Ga. Ct. App. 2005) ("The true basis for an owner's liability is [its] superior knowledge of the existence of a condition that could subject [its] invitees to an unreasonable risk of injury."). For the reasons below, Plaintiff has failed to produce sufficient evidence on each of these elements, and the Court **GRANTS** Kroger's Motion for Summary Judgment as to Plaintiff's claims of negligence and premises liability.[3]

---

[3] Kroger also requests summary judgment on causation. The Court need not address that issue given that the Court agrees with Kroger's other arguments.

### A. Plaintiff has not Produced Evidence of a Hazardous Condition.

"Where the plaintiff cannot show the existence of a hazardous condition, she cannot prove the cause of her injuries and there can be no recovery because an essential element of negligence cannot be proven." Glynn-Brunswick Mem'l Hosp. Auth. v. Benton, 693 S.E.2d 566, 568 (Ga. Ct. App. 2010) (internal quotations omitted). "[T]he plaintiff must produce evidence of what foreign substance, condition, or hazard caused her to slip and fall." Taylor v. Thunderbird Lanes, LLC, 748 S.E.2d 308, 311 (Ga. Ct. App. 2013) (internal quotations omitted). Given that Plaintiff has failed to respond to Defendant's Motion for Summary Judgement, it is unclear what hazardous condition she claims caused her fall. She has not explained how the mere presence of the cart, a standard and common piece of equipment that Plaintiff herself used to carry out her tasks, could constitute a hazard. Additionally, her conclusory testimony about dim lighting is not enough to create a genuine issue of material fact particularly considering Kroger's undisputed evidence that the receiving area was constantly lit by several ceiling lights. Plaintiff thus has not presented affirmative evidence to show that a genuine issue of fact exists on this threshold element. See Anderson, 477 U.S. at 257.

### B. Plaintiff has not Produced Evidence of Kroger's Actual or Constructive Knowledge.

Even if a hazard existed, Plaintiff has produced no evidence that Kroger knew of that hazard. Plaintiff has not shown that she or anyone else told any Kroger employee that the carts or lighting in the receiving area posed a danger. A plaintiff may prove a store's constructive knowledge of a hazard by showing that a store employee could have easily seen the hazard because they were in the immediate area or that the hazard remained long enough that store employees should have discovered it by ordinary diligence. Johnson v. All Am. Quality Foods,

Inc., 798 S.E.2d 274, 277 (Ga. Ct. App. 2017). Plaintiff has not pointed to any evidence that Kroger's employees were nearby prior to or at the time of her fall, how long the putative hazards were in place, or any other facts that would allow a jury to charge Kroger with constructive knowledge. Yates testified that Kroger employees regularly inspected the receiving area including the lighting, that Kroger had a procedure for replacing any burned-out bulbs quickly, and that he was unaware of any problems with lighting in the receiving area. Thus, Plaintiff has not produced evidence to survive Kroger's Motion for Summary Judgment Motion on this second element.

### C.     Plaintiff had Equal or Superior Knowledge of any Hazard.

Even if a hazard existed, and even if Kroger knew of that hazard, Plaintiff had equal or superior knowledge of that hazard. Plaintiff worked at Kroger's store "several hundred" times for years before her fall. She was exceedingly familiar with the receiving area. Plaintiff acknowledged that carts like the one she tripped on are apparent and common, and that the area routinely contained up to fifty such carts. Any dim lighting in the area would be a static condition. "[I]n cases involving static conditions, if the invitee knows of the condition, the proprietor has no duty to warn the invitee and *no liability for resulting injury to the invitee*; the invitee knows as much as the proprietor does. By acting, the invitee assumes the attendant risks." Poythress v. Savannah Airport Comm'n, 494 S.E.2d 76, 79 (Ga Ct. App. 1997) (emphasis added). The Court can presume an invitee knows of a static condition "when an invitee has previously successfully traversed the area." Poythress, 494 S.E.2d at 79; see also Sherrod v. Triple Play Cafe, LLC, 647 S.E.2d 376, 378 (Ga Ct. App. 2007) (plaintiff was presumed to know of the transition of one type of flooring surface to another—a static condition—because she successfully traversed it five minutes before her fall). Plaintiff traversed

8

the area of her fall at least three times including fifteen minutes before her fall. Even if she could establish that the receiving area was dimly lit, she knew of that hazard before her fall. See Norman v. Jones Lang Lasalle Americas, Inc., 627 S.E.2d 382, 387 (Ga. Ct. App. 2006) (worker's actual knowledge of inoperable ceiling lights at workplace was at least equal to workplace building manager's, and thus worker could not prevail on claim for injuries suffered when she fell over boxes in dark even if manager had affirmative duty to repair ceiling lights). Consequently, even if Plaintiff had produced sufficient evidence on the first two elements, she cannot survive Kroger's Motion for Summary Judgment on the third element.

## II.     Plaintiff's Claim for Attorney's Fees

Under O.C.G.A. § 13-6-11, a claim for attorney's fees requires evidence of bad faith, stubborn litigiousness, or unnecessary trouble and expense, and is derivative of a viable underlying claim. See Kammerer Real Est. Holdings, LLC v. Forsyth Cnty. Bd. of Commissioners, 806 S.E.2d 561, 564 (Ga. 2017). Without any remaining underlying claim, Plaintiff is not entitled to any fees. Accordingly, the Court **GRANTS** Kroger Summary Judgment on this claim.

### CONCLUSION

Fort the above reasons, the Court **GRANTS** Kroger's unopposed Motion for Summary Judgment. (Doc. 16.) The Clerk of Court shall enter judgment and **CLOSE** this case.

**SO ORDERED**, this 17th day of July, 2025.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA